# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON KOKINDA, | Civil Action No. 2: 15-cv-0179 |
| Plaintiff, | United States District Judge |
| v. | Mark R. Hornak |
| DR. JIN, et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal (ECF No. 13)[1] filed by Plaintiff Jason Kokinda ("Kokinda" or "Plaintiff") requesting review of the magistrate judge's Order dated March 9, 2015 (ECF No. 8) (the "Order"), which granted Plaintiff's request to proceed *in forma pauperis* and ordered the collection of an initial partial filing fee as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1).

Kokinda appeals that Order and challenges the constitutionality of § 1915(b)(1) as applied to him. Upon review of the matters raised by Kokinda, the Court concludes that the Order appealed from is neither clearly erroneous nor contrary to law. Therefore, Kokinda's appeal will be dismissed.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate

---

1    The Court has construed Plaintiff's filing, which is entitled "Objections to the March 9, 2015 Order," as an appeal to the district court.

1

resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

The Order of March 9, 2015, was for a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A) and, thus, will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).

### Prison Litigation Reform Act ("PLRA")

Pursuant to the PLRA, 28 U.S.C. §1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.* § 1915(b)(2).[2]

---

2    There is no provision in § 1915(b)(1) that prison officials may only deduct the initial partial filing fee when the amount in an inmate's account exceeds $10.00 or that the amount may

2

## Discussion

This case was commenced on February 10, 2015, and was referred to Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.[3] In his Complaint, Kokinda alleges, *inter alia*, that although he has a soy allergy, Defendants have refused to provide him with a "no soy diet." Kokinda also alleges that he has requested a Kosher diet because he believes "God wanted him to eat a Kosher diet at the prison . . . ," but that Defendants have also refused his request for a Kosher diet.

On March 9, 2015, the magistrate judge granted Kokinda's motion for leave to proceed *in forma pauperis* and ordered the collection of an initial partial filing fee of $79.21 as provided by § 1915(b)(1)(A) of the PLRA. (ECF No. 8.)[4] Kokinda appeals that Order and challenges the constitutionality of the initial partial filing fee provision as applied to him. However, as will be explained *infra*, the Court concludes that as applied to Kokinda the initial partial filing fee provision is constitutional and, therefore, the magistrate judge's rulings were neither clearly erroneous nor contrary to law.

---

only be deducted if the deduction does not cause the amount of funds in the inmate's account to go below $10.00.

3   Kokinda has elected to have this case randomly assigned to a United States District Judge. (ECF No. 1-8).

4   The magistrate judge's assessment of $79.21 was based on Kokinda's average monthly deposits and application of the formula set forth in § 1915(b)(1). Upon review, the Court finds that a mathematical error was made, which results in Kokinda owing $1.66 less than originally ordered. The revised calculations reflect that for the period August 10, 2014, through February 5, 2015, Kokinda had $2,326.56 deposited into his account ($50 less than originally calculated). The average monthly deposit was $387.76, and 20% of that is $77.55. *See* 28 U.S.C. § 1915(b)(1)(A) (explaining the calculation of the initial partial filing fee).

As an initial matter, the Court notes that Kokinda made serious accusations against the magistrate judge. For example, he states that "[t]he actions of the prison appear to be coordinated with the Court in the same manner that the mafia comes by and sends thugs to hurt a local business, so that the mafia can come in and sell him protection;" Appeal at ¶ 4; that "the recent actions by this Court prove that he will not get one iota of fairness from any judge, until he takes down the pay-to-play mafia bribe system connected to Pennsylvania Attorney General Kathleen Kane and its political hierarchy;" *Id.* at ¶ 7; and that he "knows how the program goes, Kathleen Kane and her insider connections offer the judge $500,000 if she can dismiss case in summary judgment, and 2.5 million if the case is too well litigated, and more complexities are required to subtly erode any rights or sense of fairness in the public eye." *Id.* at ¶ 8. These are grave accusations for which there is no record support whatsoever. While a litigant is entitled to argue vigorously on his own behalf, and to point out errors he believes the magistrate judge has made, he is not to make baseless accusations against the court in his pleadings. Such assertions will be given no further consideration.

A. <u>The Recent Decision of the United States Court of Appeals for the Third Circuit</u>

On April 10, 2015, while this appeal was under advisement by the Court, the United States Court of Appeals for the Third Circuit issued a precedential opinion which discusses at length the PLRA and its monthly payment scheme under § 1915(b)(2). *Siluk v. Merwin*, No. 11-3996, -- F.3d --, 2015 WL 1600236 (3d Cir. Apr. 10, 2015). That court adopted the "sequential recoupment rule," which caps the monthly debit for filing fees at 20 percent of a prisoner's monthly income, even when a prisoner owes more than one filing fee arising from multiple lawsuits or appeals of a single

4

lawsuit.[5]

In *Siluk*, the requirement of an initial partial filing fee under § 1915(b)(1) was undisputed by the parties. However, the *Siluk* opinion provides clear guidance as to the application of the initial partial filing fee, *to wit*: "This subsection [§ 1915(b)(1)] unambiguously applies to each action or appeal that a prisoner files, whether or not the prisoner has filed other suits that are pending." *Id.* at *4. The appellate court stated that § 1915(b)(1) "lays out the procedure for calculating and remitting the initial partial payment" and that, after payment of the initial partial filing fee, § 1915(b)(2) explains how the remainder of the filing fee must be paid. *Id.* "[A] prisoner is required to pay an initial filing fee for each case or appeal he files – a "per case" approach – no matter how many other fees he has paid or is paying." *Id.* at *11 (Chagares, J., dissenting).

In the present case, the issue is not whether the PLRA in general or even § 1915(b)(1) in particular might be constitutional as applied to all conceivable cases. Rather, the issue here is whether § 1915(b)(1) is constitutional as applied to this case.

B.   Kokinda's Arguments

Section 1915(b)(1) provides as follows:

> Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment

---

5   From the Court's review of Public Access to Court Electronic Records ("PACER"), it appears that Kokinda has filed only one other federal case, an action seeking habeas relief in the United States District Court for the Eastern District of Pennsylvania. (*Kokinda v. Coleman*, CA 5:13-cv-2202.) However, Kokinda is no stranger to the legal system. He "has filed approximately 89 pro se pleadings, motions, briefs, and other documents in the Pennsylvania trial, Superior, and Supreme Courts, as well as in the United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, and United States Supreme Court in connection with his state court criminal case." Respondents' Answer, CA5:13-cv-2202 (E.D.Pa.), ECF No. 43.

of any court fees required by law, an initial partial filing fee of 20 percent of the greater of –

> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.[6]

28 U.S.C. § 1915(b)(1). "Section 1915(b) allows prisoners who qualify for IFP status to make an initial partial payment, followed by monthly payments against the remaining balance." *Siluk*, 2015 WL 1600236 at * 2 (citing *Santana v. United States*, 98 F.3d 752, 754 (3d Cir. 1996) ("If an imprisoned litigant's funds are insufficient to pay the full filing fee, the prisoner must pay an initial partial filing fee")).

Kokinda argues that "as applied to extraordinary facts of plaintiff's case," the fee provision violates his right of due process and his right to "petition his grievances." Specifically, Kokinda argues that he could "pay the filing fees almost immediately in their entirety, if he wasn't being forced by the D.O.C. unlawfully to purchase all of his own meals from the commissary each week." (ECF No. 1-2 at ¶ 2.)

The Court concludes that Kokinda's as-applied challenges to the initial partial filing fee provision are unpersuasive for a number of reasons. First, he contends that the PLRA as applied to him "is clearly an invidious discrimination based violation of the Fourteenth Amendment of the U.S. Constitution to create a procedural filing hurdle against petitioner that is above and beyond that

---

6   While the PLRA specifies the time period for determining the average monthly balance, it does not specify the time period for determining the average monthly deposits. Some courts, including the Western District of Pennsylvania, have adopted a practice of calculating the average monthly deposits during the six-month period immediately preceding the filing of the action. In general and in this case, there is not basis to conclude that such an approach is either unreasonable or contrary to the applicable statute.

required from similarly situated prisoners." (ECF No. 1-2).[7] Kokinda argues that the fee requirement denies him due process by forcing him to choose between filing a lawsuit and being able to buy the necessities of life.

Prisoners have the right, as a matter of due process, to adequate, effective, and meaningful access to the courts. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). But this access is not a cost-free access: "The correct principle is that reasonable costs may be imposed on persons who want to sue." *Tucker v. Branker*, 142 F.3 1294, 1297 (D.C.Cir. 1998) (quoting *Lumbert v. Illinois Dep't of Corrects.*, 82 F.2d 257, 259 (7th Cir. 1987)).

A review of Kokinda's inmate trust account for the six month period prior to filing this lawsuit reflects that Kokinda averaged the following monthly expenses: Commissary: $300.00; Library Copies: $61.21; Postage: $38.65; and Cable: $16.83. Kokinda had a total of $2326.56 deposited into his inmate account during the six months preceding the submission of his Complaint. Even assuming that all of Kokinda's monthly commissary purchases are for food, he still has money for discretionary purchases, such as photocopies, postage, and cable. Kokinda has not advanced a basis for the Court to conclude that he must choose whether to spend his remaining money on discretionary purchases and amenities or on his lawsuit is unconstitutional. The Court concludes that

---

7    By its plain terms, the Fourteenth Amendment would not bar any of the provisions of the PLRA because the PLRA is a federal statute and the Fourteenth Amendment applies only to acts under color of state law. *See* U.S. Const. amend. V; *see also B & G Const. Co., Inc. v. Dir., Office of Workers' Comp. Programs*, 662 F.3d 233, 246 n. 14 (3d Cir. 2011) ("the Fourteenth Amendment applies only to acts under color of state law whereas the Fifth Amendment applies to actions of the federal government"). Therefore, the Court will treat Kokinda's Fourteenth Amendment claim as a Fifth Amendment due process claim because Fifth Amendment due process provides the same protection and requires the same analysis as Fourteenth Amendment equal protection.

requiring such a decision is far from unduly burdening his access to court; rather it merely requires him to make the same kind of economic decision that any other would-be civil plaintiff must make, and does not support a claim for a denial of due process.

Next, Kokinda argues that the PLRA as applied to him violates his First Amendment right to "petition his grievances." The Court concludes that this argument is for the most part subsumed within Kokinda's claim that the fee provision denies him due process, a claim that the Court has rejected, and is otherwise meritless.

Finally, the Court concludes that Kokinda's argument that he "is being forced to choose between filing a lawsuit and basic necessities" to be without merit. Kokinda has not demonstrated that he cannot preserve his legal rights while he purchases his food through the commissary. According to DC-ADM 815 (effective May 29, 2009), "[e]ach inmate is permitted to spend a maximum of $70.00 per week for commissary items." DC-ADM 815(A)(2).[8] As noted above, Kokinda's average monthly deposits total $387.76. Further, "the Supreme Court has made clear that '[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Siluk*, 2015 WL 1600236 at *13 (Chagares, J., dissenting) (quoting *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977)).[9] Thus, even if he had no money left after food-based commissary purchases to then

---

8    It appears that the spending limits are "increased during the state-wide fiscal year end maintenance software non-availability. . . . [E]ach inmate regularly permitted to spend $70.00 will be increased to a maximum of $100.00 per week for commissary items . . . . Once this specified timeframe has concluded the regular spending limits will be reinstated." DC-815(A)(3).

9    Moreover, "[p]rison systems are constitutionally bound to provide inmates with the necessities of life, including 'adequate food, clothing, shelter, and medical care'. . . ." *Siluk*, 2015 WL 1600236 at *8. The Court recognizes that Kokinda alleges in his Complaint, *inter alia*, that

8

use for paper, pens and stamps for the purpose of pursuing any legal claims, the State would be duty bound to provide those to him, preserving his access to the courts.

## Conclusion

For the reasons stated above, the Court concludes that that decision and Order of the Magistrate Judge that the fee filing provisions of the Prison Litigation Reform Act contained in 18 U.S.C. § 1915 are not unconstitutional as applied to Plaintiff, Jason Kokinda was neither clearly erroneous nor contrary to law. Accordingly, Plaintiff's appeal is **DENIED** and his objections **DISMISSED**.

IT IS SO ORDERED.

Dated: April 15, 2014

Mark R. Hornak
United States District Judge

cc: JASON KOKINDA
JP-8929
SCI Greene
175 Progress Drive
Waynesburg, PA 15370
(via U.S. First Class Mail)

---

SCI-Greene, where he is currently housed, refuses to provide him with either a "no soy" or Kosher diet. According to Kokinda, the refusal to provide him with a "no soy" diet has resulted in him having numerous medical issues. Whether Kokinda has stated a viable Eighth Amendment claim is not before the Court at this early juncture.

9